## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **TATIKA SEARS,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No.** |
| | § | |
| **v.** | § | |
| | § | **Jury Trial Demanded** |
| **CAPITAL ONE BANK (U.S.A.), N.A.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## COMPLAINT

TATIKA SEARS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK (U.S.A.), N.A. ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5.     Plaintiff is a natural person residing in Carrollton, Texas 75010.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a corporation that has its corporate headquarters located at 1680 Capital One Drive, McLean, VA 22101.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number that she has had for at least two years.

11.     Plaintiff has only used this phone as a cellular telephone.

12.     Beginning in or around July 2015 and continuing through in or around February 2017, Defendant placed repeated calls to Plaintiff's cellular telephone.

13.     During this time, Defendant contacted Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14.     Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as Defendant's calls began with a recording before being connected to a live agent.

15.     Defendant's telephone calls were not made for "emergency purposes."

16.     Shortly after calls began in or around July 2015, Plaintiff spoke to Defendant and revoked any previously given consent to call her cellular telephone number.

17.     Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

18.     Despite Plaintiff's clear request to stop calling, Defendant failed to restrict its calls to Plaintiff's cell phone number and continued to call her for several months.

19.     Defendant's excessive calls were frustrating and irritating to Plaintiff, so she downloaded a blocking application to her cellular telephone as a means to stop Defendant's unwanted calls.

20.      Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

21.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

23.     Defendant's calls to Plaintiff were not made for emergency purposes.

24.     Defendant's calls to Plaintiff, in and after July 2015, were not made with Plaintiff's prior express consent.

25.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TATIKA SEARS, respectfully prays for a judgment as follows:

a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.    Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TATIKA SEARS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: September 8, 2017          By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
KIMMEL & SILVERMAN, P.C
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com

- 4 -